IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON ELLIOTT, individually and on behalf of all similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>CERAMIC AND METAL COATINGS CORP.,<br><br>    Defendant. | Civil Action No.<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jason Elliott bring this collective action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), on behalf of himself and all current or former non-exempt employees employed by Defendant Ceramic and Metal Coatings Corporation during the statutory period. Plaintiff shows the Court as follows.

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1. This is a collective action for unpaid overtime wages under the FLSA. Plaintiff brings the action on behalf of himself and other current and former non-exempt hourly employees whom Defendant failed to pay overtime wages for time worked in excess of 40 hours per week within the three years prior to the filing

1

of this Complaint. This group of individuals includes Plaintiff and all non-exempt employees of Defendant similarly situated to him and is referred to throughout the Complaint as the "FLSA Collective."

2. Plaintiff alleges that Defendant applied policies and practices to him and his fellow FLSA Collective members pursuant to which Defendant: (a) encouraged and/or knowingly permitted them to work more than 40 hours per week; (b) intentionally failed to pay them one-and-one-half their regular rate of pay for time they worked in excess of 40 per week, instead paying them straight time for all hours worked; and (c) required them to cash their paychecks at a store that charged them a check-cashing fee, which fee further deprived them of overtime wages for all hours worked in excess of 40 per week.

3. Plaintiff and other similarly-situated persons who choose to opt into this action pursuant to 29 U.S.C. § 216(b) (the "Collective Action") are entitled to recover: (i) unpaid overtime wages, (ii) liquidated damages, and (iii) their attorneys' fees and costs.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over the FLSA claims asserted in this Complaint.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within Northern District of Georgia, where Defendant's Principal Office Address is located, and where Defendant employed Plaintiff and other potential members of the FLSA Collective.

## **PARTIES**

6. Plaintiff is a U.S. citizen and Georgia resident; he submits himself to the jurisdiction of this Court. Plaintiff's Consent to Join is attached hereto as Exhibit A.

7. Defendant employed Plaintiff from approximately May 2019 to on or about November 19, 2021. His last position was Laborer.

8. Plaintiff was Defendant's "employee" within the meaning of the FLSA at all times relevant to this Complaint.

9. Defendant is a for-profit Georgia corporation with its Principal Office Address at 345 John Price Drive, McDonough, Georgia 30253.

10. Defendant's registered agent, Brad Spivey, may be served with process at 704 Crawford Road, Barnesville, Georgia 30204.

11. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

12. Upon information and belief, Defendant had gross annual revenues in excess of $500,000.00 at all relevant times.

13. Defendant was the employer of Plaintiff and the other members of the FLSA Collective within the meaning of the FLSA at all relevant times.

14. Defendant is governed by, and subject to, 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all other similarly-situated employees, pursuant to 29 U.S.C. § 216(b), and seeks to represent the following group of similarly-situated persons:

> All persons who were, or are, employed by Defendant as non-exempt employees at any time within the period beginning three (3) years prior to filing this action (the "relevant time period"), and who Defendant did not pay overtime at the required rate for all hours worked in excess of 40 per workweek.

This group of persons is the "FLSA Collective."

16. Plaintiff and other FLSA Collective members were paid a straight hourly wage for all hours worked, including all hours worked in excess of 40 per week.

17. Plaintiff and the other FLSA Collective members did not, and do not, meet the criteria for any recognized exemption to the FLSA's overtime requirements.

18. The FLSA Collective is so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the FLSA Collective is unknown, and the information permitting a determination of the number of FLSA Collective members lies within the sole possession of Defendant. However, there are, upon information and belief, more than eight (8) members of the FLSA Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

19. Plaintiff will fairly and adequately protect the interests of the FLSA Collective members and has retained counsel experienced and competent in wage-and-hour law and collective-action litigation.

20. Questions of law and fact common to the FLSA Collective members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the FLSA Collective.

21. Members of the FLSA Collective are similarly situated under the FLSA because, *inter alia*:

    a. Defendant applied a policy and practice common to the FLSA Collective, pursuant to which Defendant paid members of the FLSA Collective a straight hourly wage for all time worked;

    b. Defendant required, encouraged, and/or knowingly permitted members of the FLSA Collective to work more than 40 hours per week;

    c. FLSA Collective members worked more than 40 hours per week during one or more weeks within the relevant time period;

    d. Defendant, applying a policy and practice common to the FLSA Collective, failed to pay Collective members overtime compensation at a rate of one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours per week; and

    e. Defendant, applying a policy and practice common to the FLSA Collective, required Collective members to cash

their paychecks at a store that charged them a check-cashing fee, which fee deprived Plaintiff and other FLSA Collective members of overtime wages they were due for all hours worked in excess of 40 in a given week during the relevant time period.

**ADDITIONAL FACTUAL ALLEGATIONS**

22. Defendant provides services to industrial customers in the Southeastern United States, including, *inter alia*, the application of ceramic coatings for components, the production of custom high-wear rotating assemblies, and the fabrication of pump parts or whole assemblies.

23. As Laborers, Plaintiff and other FLSA Collective members performed various tasks for Defendant, including, but not limited to, running ceramic-coating machines and pouring metal in the production of components.

24. Plaintiff and other FLSA Collective members were compensated at a set hourly rate for all time worked. Plaintiff's last hourly rate was $14.00 per hour.

25. Plaintiff estimates that he consistently worked between approximately forty-two (42) and forty-five (45) hours per week. On information and belief, other FLSA Collective members worked similar hours in one or more weeks during the relevant time period.

26. Plaintiff never received overtime pay at one-and-one-half his regular rate for time worked in excess of 40 hours per week. On information and belief, other FLSA Collective members also did not receive overtime pay for time worked in excess of 40 hours per week during one or more weeks during the relevant time period.

27. Although the above-described workweek was typical for Plaintiff throughout his employment with Defendant, Plaintiff did not maintain his own records of his work hours and cannot state precisely an exact number of hours that he worked in each specific workweek during the relevant time period.

28. On information and belief, Defendant possesses records of the time worked by Plaintiff and other FLSA Collective members.

29. Defendant knew or should have known that Plaintiff and other FLSA Collective members worked substantial hours in excess of 40 per week. Indeed, Defendant had actual knowledge of the time worked in excess of 40 hours per week because Defendant paid Plaintiff and other FLSA Collective members straight time for their actual hours worked.

30. Defendant required, encouraged, and knowingly permitted Plaintiff and other FLSA Collective members to work overtime hours, and failed to pay Plaintiff

and other FLSA Collective members required overtime premium pay when they worked overtime hours.

31. Although the hourly rates paid to Plaintiff and other FLSA Collective members varied, Defendant's policy and practice of compensating Plaintiff and other FLSA Collective members on an hourly basis applied to all members of the FLSA Collective, as did Defendant's policy of failing to pay Plaintiff and FLSA Collective members at one-and-one-half their regular rate for all time worked in excess of 40 hours per week.

32. Plaintiff and other FLSA Collective members were paid weekly via paychecks that Defendant required be cashed at a nearby gas station/convenience store (the "Store") that charged Plaintiff and other FLSA Collective members a fee of approximately 2% to cash their paychecks. This arrangement is referred to herein as the "Check-cashing Scheme."

33. On information and belief, Defendant and the Store had an arrangement according to which the Store was paid back by Defendant from a different account than that listed on the paychecks issued by Defendant to Plaintiff and the other Collective members.

34. On further information and belief, the Check-cashing Scheme constituted an impermissible "kickback" scheme under 29 C.F.R. § 531.35 because its purpose was to directly or indirectly benefit Defendant.

35. Plaintiff and other FLSA Collective members had no choice but to cash their paychecks at the Store, as the paychecks would bounce if Plaintiff and other FLSA Collective members attempted to deposit their paychecks at any establishment other than the Store, such as a bank.

36. The Store did not provide Plaintiff and other FLSA Collective members receipts after they cashed their paychecks.

37. Defendant's imposition of the Check-cashing Scheme constituted a willful failure to provide Plaintiff and other FLSA Collective members wages that were "free and clear" for the purposes of 29 C.F.R. § 531.35.

38. Further, Defendant's imposition of the Check-cashing Scheme deprived Plaintiff and other FLSA Collective members of overtime wages for all hours worked in excess of 40 per week by reducing those wages by the amount of the check-cashing fee.

39. As a result of Defendant's willful imposition of the Check-cashing Scheme, Defendant failed to pay Plaintiff and other FLSA Collective members overtime at a rate of one-and-one-half times their regular rate.

40. Defendant's failure to pay Plaintiff and other FLSA Collective members one-and-one-half their regular rates of pay for the time that they worked in excess of 40 per week was pursuant to a policy and practice Defendant intentionally applied to Plaintiff and members of the FLSA Collective.

41. Defendant's FLSA violations were willful and not in good faith.

## COUNT I
### (Individual FLSA Claims Asserted by Plaintiff)
### Willful Failure to Pay Overtime in Violation of the FLSA

42. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff at a rate of one-and-one-half times his regular rate of pay for hours worked in excess of 40 per week.

43. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

44. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

45. At all relevant times, Defendant was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

46. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

47. On information and belief, Defendant has had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

48. Throughout the relevant time period, Defendant paid Plaintiff straight-time for all hours worked.

49. Plaintiff estimates that he consistently worked approximately between forty-two (42) and forty-five (45) hours per week during the relevant time period.

50. By paying him straight time for all hours worked, Defendant failed to pay Plaintiff overtime at one-and-one-half his regular rate for all time that he worked in excess of 40 hours per week.

51. Further, Defendant's willful imposition of the Check-cashing Scheme constituted a willful failure to provide Plaintiff wages that were "free and clear" under 29 C.F.R. § 531.35.

52. Further, Defendant's willful imposition of the Check-cashing Scheme deprived Plaintiff of overtime wages for all hours worked in excess of 40 per week during the relevant time period by reducing those wages by the amount of the check-cashing fee.

53. On information and belief, the Check-cashing Scheme constituted an impermissible "kickback" scheme for the purposes of 29 C.F.R. § 531.35.

54. As a result of Defendant's willful failure to compensate Plaintiff at a rate of one-and-one-half his regular rate of pay for hours worked in excess of 40 per week, Defendant violated the FLSA, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56. Defendant did not make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

57. Due to Defendant's willful FLSA violations, Plaintiff is entitled to recover from Defendant (a) his unpaid overtime wages for all of the hours that he worked in excess of 40 per week during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

## COUNT II
### (Collective FLSA Claims)
### Willful Failure to Pay Overtime Wages in Violation of the FLSA

58. Plaintiff seeks to represent the following collective group of non-exempt employees who Defendant failed to pay all overtime wages due:

> All persons who were, or are, employed by Defendant as non-exempt employees at any time within the period beginning three (3) years prior to filing this action (the "relevant time period"), and who Defendant did

not pay overtime at the required rate for all hours worked in excess of 40 per workweek.

This is the "FLSA Collective."

59. At all relevant times, Defendant was an "employer" of Plaintiff and the other FLSA Collective members, as that term is defined by 29 U.S.C. § 203(d).

60. On information and belief, Defendant has had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

61. Defendant is governed by and subject to 29 U.S.C. § 207.

62. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the other members of the FLSA Collective.

63. The FLSA requires employers, such as Defendant, to compensate employees, such as Plaintiff and the other members of the FLSA Collective, at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 each week.

64. Defendant required Plaintiff and other members of the FLSA Collective to work substantially more than 40 hours per week.

65. As a systemic practice, Defendant failed to pay Plaintiff and the other members of the FLSA Collective at one-and-one-half times their regular rate when they worked in excess of 40 hours per week.

66. Defendant's willful imposition of the Check-cashing Scheme constituted a willful failure to provide Plaintiff and other FLSA Collective members wages that were "free and clear" under 29 C.F.R. § 531.35.

67. Further, Defendant's willful imposition of the Check-cashing Scheme deprived Plaintiff and other FLSA Collective members of overtime wages for all hours worked in excess of 40 per week during the relevant time period by reducing those wages by the amount of the check-cashing fee.

68. On information and belief, the Check-cashing Scheme constituted an impermissible "kickback" scheme for the purposes of 29 C.F.R. § 531.35.

69. By requiring that Plaintiff and other FLSA Collective members participate in the Check-cashing Scheme, pursuant to which Plaintiff and other FLSA Collective members were charged a check-cashing fee by the Store in order to receive their wages, Defendant further deprived Plaintiff and other FLSA Collective members of overtime wages they were due for all hours worked in excess of 40 in a given week during the relevant time period.

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71. Defendant did not make a good-faith effort to comply with the FLSA regarding its compensation of Plaintiff and the other FLSA Collective members.

72. Defendant is liable to Plaintiff and the other FLSA Collective members for: (a) all unpaid overtime wages during the relevant time period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all other members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and request the entry of a judgment granting the following relief:

a. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated persons employed by Defendant during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

b. A declaratory judgment that Defendant's practices complained of herein violated the FLSA;

c. Application of the FLSA's three-year statute of limitations;

d. An award of unpaid overtime compensation due under the FLSA to Plaintiff and the other FLSA Collective members;

e. An award of liquidated damages as a result of Defendant's failure to pay overtime wages to Plaintiff and the other FLSA Collective members;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 25th day of January 2022.

/s/ Justin M. Scott
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff