**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JASON ELLIOTT, individually and on behalf of all similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>CERAMIC AND METAL COATINGS CORP.,<br><br>    Defendant. | )<br>)<br>)<br>) Civil Action No.1:22-cv-00308-MHC<br>)<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION TO APPROVE ACCEPTED RULE 68 OFFER**

Plaintiff Jason Elliott ("Plaintiff") and Defendant Ceramic and Metal Coatings Corp., ("Defendant") (Plaintiff and Defendant collectively "the Parties") jointly request that this Court approve the Parties' settlement of the above captioned matter, reflected in the accepted Rule 68 Offer of Judgment and a separate agreement, negotiated following the acceptance of the Rule 68 Offer of Judgment, regarding reasonable attorneys' fees and costs. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

1

I.      **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Se. Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver

of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Courts in the Eleventh Circuit have held that, in the FLSA context, accepted Rule 68 Offers of Judgment are subject to judicial scrutiny. *Carmen Martinez v. Excel Hospitality, LLC*, 2017 WL 359818, at *1 (N.D. Ga. Jan. 24, 2017).

## II. The Settlement is a Fair, Just, and Reasonable Compromise of Dispute Claims.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The parties submit herewith the Offer of Judgment that Plaintiff accepted in the total amount of $7,295.54. That accepted Offer of Judgment is attached hereto and incorporated herein as Exhibit "A." The parties request that the Court enter judgment in favor of Plaintiff against Defendant in a lump sum of Seven Thousand

3

Two Hundred Ninety-Five Dollars and Fifty-Four cents ($7,295.54), plus an award of a reasonable attorneys' fees and costs, pursuant to the accepted Offer of Judgment. The Offer of Judgment represents 100% of the total overtime wages that Plaintiff calculates he is owed over the three-year period, along with a reimbursement of 2% of the total wages paid to the Plaintiff over that time (to compensate for the "kick back" scheme alleged in the Complaint), and liquidated damages.

While the Defendant maintains that the Plaintiff is not entitled to overtime under the FLSA and that it did not engage in any "kick back" scheme, the Offer of Judgment represents full recovery for all claimed damages. Accordingly, if Plaintiff did not accept the Offer of Judgment, he would risk less recovery and the prospect of liability for Defendant's costs even if he prevailed on liability (and may ultimately owe Defendant money). This accepted Offer of Judgment was the second in the case, after the Plaintiff did <u>not</u> accept a first Offer of Judgment that contained broader release language.

After Plaintiff accepted the Offer of Judgment, the Parties then separately reached an agreement on attorneys' fees and costs. More specifically, Defendant has agreed to pay Plaintiff $6,000.00 in attorneys' fees and costs to resolve the instant lawsuit, which represents a reduction from the more than $6,700.00 expended by Plaintiff's counsel to date. A true and correct itemized statement of attorney's fees

4

incurred by the Plaintiff is attached hereto as Exhibit "B." The agreement on attorneys' fees and costs is based on Plaintiff's counsel's regular rate and time spent pursuing this action. It represents less than the lodestar (hourly rate multiplied by time spent) for Plaintiff's counsel, which Plaintiff's counsel agreed to accept to finalize resolution of this matter and preserve resources for all Parties and the Court.

The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties' counsel discussed the disputed factual and legal issues over the phone and over electronic mail. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in arms' length settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the accepted Rule 68 Offer and the settlement agreement of the Parties, and enter judgment pursuant to the Rule 68 Offer with an Order directing dismissal with prejudice following payment to Plaintiff, and payment of attorneys' fees and costs

following that dismissal, with the Court to retain jurisdiction for purposes of enforcing the Parties' agreement.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "C" hereto.

Respectfully submitted, this 4th day of May 2022.

| | |
|---|---|
| */s/ Michael D. Forrest* <br> Michael D. Forrest <br> Georgia Bar No. 974300 <br> Justin M. Scott <br> Georgia Bar No. 557463 <br> SCOTT EMPLOYMENT LAW, P.C. <br> 160 Clairemont Avenue, Suite 610 <br> Decatur, Georgia 30030 <br> Telephone: 678.780.4880 <br> Facsimile: 478.575.2590 <br> jscott@scottemploymentlaw.com <br> mforrest@scottemploymentlaw.com <br> *Counsel for Plaintiff* | */s/Grant E. McBride* <br> Grant E. McBride <br> Georgia Bar No. 109812 <br> William A. White <br> Georgia Bar No. 755095 <br> Smith, Welch, Webb & White, LLC <br> P.O. Box 10 <br> 2200 Keys Ferry Court <br> McDonough, Georgia 30253 <br> Telephone: (770) 957-3937 <br> gmcbride@smithwelchlaw.com <br> wwhite@smithwelchlaw.com <br> *Counsel for Defendant* |

6

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1(C).

*/s/ Michael D. Forrest*
Michael D. Forrest
Georgia Bar No. 974300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON ELLIOTT, individually and on behalf of all similarly-situated persons,<br><br>　　　Plaintiff,<br><br>v.<br><br>CERAMIC AND METAL COATINGS CORP.,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.1:22-cv-00308-MHC<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, I electronically filed this **Certificate of Service** serving the Parties' **Joint Motion to Approve Accepted Rule 68 Offer** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

Respectfully submitted, this 4th day of May 2022.

　　　　　　　　　　　　　　　　　　/s/ Michael D. Forrest
　　　　　　　　　　　　　　　　　　Michael D. Forrest
　　　　　　　　　　　　　　　　　　Georgia Bar No. 974300
　　　　　　　　　　　　　　　　　　Justin M. Scott
　　　　　　　　　　　　　　　　　　Georgia Bar No. 557463
　　　　　　　　　　　　　　　　　　SCOTT EMPLOYMENT LAW, P.C.
　　　　　　　　　　　　　　　　　　160 Clairemont Avenue, Suite 610
　　　　　　　　　　　　　　　　　　Decatur, Georgia 30030

1

Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff

2