IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON ELLIOTT, individually and on behalf of all similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> CERAMIC AND METAL COATINGS CORP., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.1:22-cv-00308-MHC <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON JOINT MOTION TO
APPROVE ACCEPTED RULE 68 OFFER**

The above-styled case is presently before the Court on the Parties' Joint Motion to Approve Accepted Rule 68 Offer and Settlement Agreement on Plaintiff's claim for unpaid overtime wages brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"). Therein, the Parties request the approval of the Parties' settlement agreement, as reflected in the Rule 68 Offer of Judgment accepted by Plaintiff on March 25, 2022, and a separate agreement including attorneys' fees and costs that was negotiated following the acceptance of the Offer of Judgment. After reviewing the record and the joint submission of the Parties, the Court APPROVES the Rule 68

1

Offer of Judgment and enters the following Order.

The Court reviews an FLSA settlement to ensure it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions Courts in the Eleventh Circuit have held that, in the FLSA context, accepted Rule 68 Offers of Judgment are also subject to judicial scrutiny." *See, e.g., Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 602 (N.D. Ga. 2014) (collecting cases); *Carmen Martinez v. Excel Hospitality, LLC*, 2017 WL 359818, at *1 (N.D. Ga. Jan. 24, 2017).

Having reviewed the Offer of Judgment and the settlement agreement concerning attorneys' fees and costs executed by the Parties, the Court finds that the settlement is fair, adequate, and reasonable. Specifically, the Court finds that the $7,295.54 settlement amount in the Offer of Judgment regarding Plaintiffs overtime claim was negotiated at arm's length by represented Parties

and is not the result of any collusion, as the Parties aver that the instant Offer of Judgment was the second presented in the case after Plaintiff did not accept a prior Offer of Judgment with broader release language. The Parties also aver that a *bona fide* dispute exists as to whether the Defendant is actually liable for the alleged FLSA violations which could have a substantial impact on the amount Plaintiff would be entitled to recover.

Additionally, the Parties assert that, after Plaintiff accepted the Offer of Judgment, the Parties separately reached an agreement on attorneys' fees and costs, pursuant to which Defendant has agreed to pay Plaintiff $6,000.00 in attorneys' fees and costs to resolve the instant lawsuit. That agreement is based on Plaintiffs counsel's regular rate and time spent pursuing the action and represents less than the lodestar (hourly rate multiplied by time spent) for Plaintiff's counsel, which the Parties assert Plaintiff's counsel agreed to accept to finalize resolution of this matter and preserve resources for the Parties and the Court.

Therefore, the Parties' Joint Motion is GRANTED, and it is hereby ORDERED that the Rule 68 Offer of Judgment is APPROVED and judgment on Count I of the Complaint is ENTERED against Defendant and in favor of Plaintiff in the amount of $7,295.54. It is further ORDERED that the Parties'

settlement agreement as to attorneys' fees and costs is APPROVED. It is ORDERED that the Parties shall enter a Stipulation of Dismissal with prejudice within seven (7) days following payment to Plaintiff pursuant to the Offer of Judgment. Following the entry of the Stipulation of Dismissal, Defendant shall pay to Plaintiff's counsel $6,000.00 in attorneys' fees and costs, in accordance with the terms of the Parties' settlement agreement.

The Court hereby enters final JUDGMENT in this case and, there being no reason to delay entry of this final judgment, the Clerk of Court is DIRECTED to enter this final judgment forthwith. The Court retains jurisdiction over this action only to the extent necessary to oversee and enforce the terms of the Rule 68 Offer of Judgment and the settlement agreement regarding Plaintiff's attorneys' fees and costs. Finally, the Clerk is DIRECTED to ADMINSTRATIVELY CLOSE this case.

SO ORDERED this 6th day of May, 2022

*Mark H. Cohen*

The Honorable Mark H. Cohen
United States District Court Judge